IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| Shannon Hussey,<br><br>        Plaintiff,<br><br>    vs.<br><br>Equifax Information Services, LLC,<br>a Georgia limited liability company, and<br>Navient Corporation,<br>a foreign corporation,<br><br>        Defendants. | Case No.:<br><br><br><br><br>**JURY DEMAND** |

# COMPLAINT

NOW COMES THE PLAINTIFF, SHANNON HUSSEY, BY AND THROUGH COUNSEL, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Memphis, Shelby County, Tennessee.

4. Venue is proper in the Western District of Tennessee, Western Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Memphis, Shelby County, Tennessee.

6. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Tennessee.

7. Defendant Navient Corporation ("Navient"), is a foreign corporation that conducts business in the State of Tennessee.

## GENERAL ALLEGATIONS

8. Navient is inaccurately reporting its tradelines ("Errant Tradelines") on Plaintiff's Equifax credit disclosure with the following erroneous scheduled monthly payment amounts:

    a. Navient with a balance of $3,151.00 and a scheduled monthly payment amount of $40.00 which is closed;

    b. Navient with a balance of $3,190.00 and a scheduled monthly payment amount of $40.00 which is closed;

    c. Navient with a balance of $3,990.00 and a scheduled monthly payment amount of $40.00 which is closed;

    d. Navient with a balance of $2,042.00 and a scheduled monthly payment amount of $40.00 which is closed;

    e. Navient with a balance of $2,084.00 and a scheduled monthly payment amount of $40.00 which is closed; and

    f. Navient with a balance of $2,042.00 and a scheduled monthly payment amount of $40.00 which is closed.

9. The accounts reflected by the Errant Tradelines were closed. Therefore, Plaintiff no longer has an obligation to make monthly payments. Defendant closed the account. Hence, the entire balance is due presently as Plaintiff has neither the right nor the obligation to satisfy these debts in monthly installments.

10. The Errant Tradelines should be reported by Navient with a monthly payment of $0.00. Per credit reporting industry standard and the Credit Reporting Resource Guide, which is the credit reporting manual created by the three major credit bureaus, no furnisher may report a monthly payment on a closed account.

11. On January 12, 2020, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradelines reporting inaccurately with an erroneous scheduled monthly payment amount.

12. On or about July 1, 2020, Plaintiff submitted a letter to Equifax disputing the Errant Tradelines.

13. In her dispute letter, Plaintiff explained that the account reflected by the Errant Tradelines were closed and asked Equifax to report the Errant Tradelines with a scheduled monthly payment amount of $0.00.

14. Equifax forwarded Plaintiff's consumer dispute to Navient. Navient received Plaintiff's consumer dispute from Equifax.

15. Equifax and Navient did not consult the Credit Reporting Resource Guide as part of their investigations of Plaintiff's dispute.

16. Plaintiff had not received investigation results from Equifax. Therefore, on August 20, 2020, Plaintiff obtained her Equifax credit disclosure which showed that Navient and Equifax failed or refused to report the scheduled monthly payment amount as $0.00 on the Errant Tradelines.

17. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the

errors in her credit file. Also, Plaintiff has been unable to improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVIENT

18. Plaintiff realleges paragraphs 1 through 17 as if recited verbatim herein.

19. After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment amount, Navient negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

20. Navient negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct Equifax to report the Errant Tradeline with a $0.00 scheduled monthly payment amount.

21. The Errant Tradelines are inaccurate and create a misleading impression on Plaintiff's consumer credit file with Equifax to which Navient is reporting such Tradelines.

22. As a direct and proximate cause of Navient's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, humiliation, and embarrassment.

23. Navient is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

24. Plaintiff has a private right of action to assert claims against Navient arising under 15 U.S.C. § 1681s-2(b).

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVIENT

25. Plaintiff realleges paragraphs 1 through 24 as if recited verbatim herein.

26. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Navient willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the Errant Tradelines with a $0.00 monthly payment amount.

27. Navient willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

28. As a direct and proximate cause of Navient's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, humiliation, and embarrassment.

29. Navient is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be

determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

30. Plaintiff realleges paragraphs 1 through 29 as if recited verbatim herein.

31. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

32. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

33. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

34. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

35. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

36. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

37. Plaintiff realleges paragraphs 1 through 36 as if recited verbatim herein.

38. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

39. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

40. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

41. After receiving Plaintiff's consumer dispute of the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

42. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF PRAYS** this court grant judgment against Defendants and award Plaintiff the following:

1. The greater of statutory or actual damages;
2. Punitive damages;
3. Costs and interest

4. Reasonable attorney's fees; and

5. Such other and further relief as the Court may deem just and proper.

DATED: September 21, 2020

/s/ Susan S. Lafferty
Susan S. Lafferty, BPR #025961
1321 Murfreesboro Pike, Suite 521
Nashville, TN 37217
ssl@laffertylawtn.com
(615)878-1926
*Attorney for Plaintiff*
*Shannon Hussey*
